UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

|  |  |  |
|---|---|---|
| DeANGELO REYNOLDS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:05-cv-377 |
| | ) | |
| v. | ) | Honorable David W. McKeague |
| | ) | |
| (UNKNOWN) HARRY et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has been ordered to pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

I.      Factual Allegations

Plaintiff DeAngelo Reynolds presently is incarcerated with the Michigan Department of Corrections (MDOC) and housed at the Oaks Correctional Facility (ECF), though some of the actions he complains of occurred while he was housed at the Earnest C. Brooks Correctional Facility (LRF).  He sues LRF Warden (Unknown) Harry and Assistant Deputy Warden Mike Singleton, as well as the following ECF employees: Inspector William Atkinson; Assistant Deputy Wardens David Pratt and Barry Panzer; Resident Unit Managers Donna Brenner Allmon, Robert Cole, and Dennis Abbott; Case Manager Mary Schiebner; and Grievance Coordinator Scott Pelton.  In addition, he sues MDOC Director Patricia Caruso, Prison Affairs Coordinator Jim Armstrong, and Joe Barrett (affiliation unknown).

According to the allegations of the complaint and the accompanying supporting documents, on August 7, 2003, while Plaintiff was housed at the Muskegon Correctional Facility, he was found guilty of the major misconduct of assault resulting in serious physical injury.  The charge arose out of multiple stabbing wounds inflicted by Plaintiff on another prisoner.  As a result of the conviction, Plaintiff received seven days of toplock and 30 days loss of privileges, as well as a fine of $738.00.  Plaintiff does not challenge the misconduct conviction.  He also does not challenge his reclassification from a Level II security classification to a Level IV security classification or his transfer to LRF on August 14, 2003.[1]

---

[1]      In the MDOC, security classifications, from least to most secure, are: Community Status, Levels I, II, III, IV, V, VI, and segregation.  MICH. DEP'T OF CORR., Policy Directive 05.01.130, ¶ H (effective March 1, 2004). There are various types of segregation, including administrative segregation and detention.  Administrative segregation is the most restrictive and is imposed for institutional security, e.g., when a prisoner poses a serious escape risk.  MICH. DEP'T OF CORR., Policy Directive 04.05.120, ¶ J (effective Feb. 14, 2004).  Detention, or "punitive segregation" can be imposed as a sanction for committing a major misconduct, if ordered by the hearing officer.  Id., ¶ W.  If possible,

However, he complains that on August 15, 2003, LRF classified him to segregation and issued a notice of intent to do so. Plaintiff requested a hearings investigator and relevant documents. Plaintiff contends that the hearing was a sham, since the order classifying him to segregation was dated on August 15, 2003, though the hearing was not held until August 20, 2003. On August 20, 2003, Plaintiff was transferred to ECF.

Plaintiff filed a number of grievances and pursued at least some of those grievances through Step III. In his first grievance, No. ECF-0309-4090-22A, dated September 7, 2003, Plaintiff vaguely mentions Defendant Schiebner as someone to whom he has spoken about his problem. In Grievance No. ECF-0309-4167-22B, dated September 17, 2003, Plaintiff again mentions Case Manager Schiebner, as well as an unnamed resident unit manager. In grievance No. ECF-04407-1178-28E, dated September 5, 2004, Plaintiff mentions Sergeant (Unknown) Fager (not a defendant in this action) and an unnamed case manager and resident unit manager. Finally, in Grievance No. ECF-0410-1949-28A, dated October 26, 2004, Plaintiff broadly claims that Defendants Harry and Singleton are directly responsible for the inappropriate placement in administrative segregation and that Defendants Pelton and Armstrong are responsible based on their failure to take remedial action to resolve the problem in response to Plaintiff's grievances. He further alleges that Caruso and Barrett were contacted but refused to take action, in violation of MDOC rules.[2] The remaining

---

detention is served in a "designated detention cell" rather than in administrative segregation. *Id.* A prisoner may not remain on detention for a period longer than that ordered by the hearing officer. *Id.* The behavioral adjustment of a prisoner in segregation is reviewed periodically with the prisoner. *Id.*, ¶ GGG. Reclassification from administrative segregation occurs only with the approval of the Security Classification Committee. *Id.*, ¶ III. If the prisoner committed a serious assault, the approval of the Regional Prison Administrator is also required. *Id.*

[2]The first page of this grievance form is partially illegible in all copies provided to the Court. It therefore is possible that Plaintiff included an additional Defendant, though the legible portion of the form suggests such inclusion is unlikely.

Defendants were not named in the grievances, though at least some of them appear to have been respondents on the grievances.

Plaintiff alleges that he has been deprived of his right to due process and has been wrongfully incarcerated in the administrative segregation unit.  He seeks $250,000 in damages from each Defendant.

II.     Lack of exhaustion

Plaintiff has failed to sufficiently allege and show exhaustion of available administrative remedies.  Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001).  The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought.  *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741.  A district court must enforce the exhaustion requirement *sua sponte.  Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.[3]  *Brown*, 139 F.3d at 1104.  In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been exhausted.  *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000).  In addition, a prisoner must specifically mention the

---

[3]To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint.  The form complaint, which is required by local rule, is disseminated to all the prisons.  *See* W.D. MICH. LCIVR 5.6(a).  Plaintiff has used the form complaint in this action.

involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance.").

Plaintiff's claim that Defendants improperly confined him to segregation is the type of claim that may be grieved through the three-step prison grievance process. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement") (effective 4/28/03). Indeed, Plaintiff filed a number of grievances concerning his placement in administrative segregation. However, while Plaintiff named certain of the Defendants in his grievances, he did not name all of the Defendants he presently sues, as required by *Curry*, 249 F.3d at 505, and *Thomas*, 337 F.3d at 735. Accordingly, the Court finds that while Plaintiff has exhausted some of his claims against some Defendants, he has failed to demonstrate exhaustion of available administrative remedies against all Defendants named in his complaint. The Sixth Circuit squarely has held that a civil rights action containing both exhausted and unexhausted claims must be dismissed for lack of total exhaustion. *Jones Bey v. Johnson*, ___ F.3d ___, 2005 WL 1120283, at *6 (6th Cir. April 27, 2005).

It is not clear whether Plaintiff may still grieve his claims. Under the policy of the prison, complaints must be resolved expeditiously, and complaints may be rejected as untimely. *See* Policy Directive 03.02.130, ¶ G(4). The Sixth Circuit held that an inmate cannot simply claim that "he has exhausted his remedies or that it is futile for him to do so because his grievance is now

time-barred under the regulations." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) (citing *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997)). However, even if the MDOC considers a subsequent grievance to be untimely, a prisoner who has presented a grievance through one complete round of the prison process will nevertheless be deemed to have exhausted available administrative remedies as required by 42 U.S.C. § 1997e(a). *See Thomas*, 337 F.3d at 733.

Because the exhaustion requirement no longer is discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion. *See Wright*, 111 F.3d at 417. Rather, dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman*, 196 F.3d at 645; *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). However, the Court need not first require exhaustion of available administrative remedies when the claim may be dismissed because it is, "on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(2); *Brown v. Toombs*, 139 F.3d 1102, 1103 (6th Cir. 1998). Because Plaintiff's complaint fails to state a claim upon which relief can be granted, the Court will dismiss his action without first requiring plaintiff to exhaust any available administrative remedies.

III.    Failure to state a claim

 A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under

- 6 -

color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff alleges that he has been confined to administrative segregation for nearly two years for his serious assault of another prisoner, ostensibly in violation of Plaintiff's constitutional right to due process.  To determine whether segregation of an inmate from the general prison population involves the deprivation of a liberty interest protected by the due process clause, the Court must determine if the segregation imposes an "atypical and significant" hardship on the inmate "in relation to the ordinary incidents of prison life."  *Jones v. Baker*, 155 F.3d 910, 811 (6th Cir. 1998) (quoting *Sandin v. Conner*, 515 U.S. 472, 483 (1995)).  Under various circumstances, the Sixth Circuit repeatedly has found that confinement to administrative segregation does not present an "atypical and significant" hardship implicating a protected liberty interest.  *See Jones*, 155 F.3d at 812-23 (two years of segregation while inmate was investigated for murder of prison guard in riot); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995) (inmate serving life sentence was placed in segregation after serving thirty days of detention for misconduct conviction of conspiracy to commit assault and battery); *Mackey v. Dyke*, 111 F.3d 460 (6th Cir. 1997) (one year of segregation after inmate was found guilty of possession of illegal contraband and assault and where reclassification was delayed due to prison crowding); *Morris v. Cason*, No. 02-2460, 2004 WL 1326066, at *1 (6th Cir. June 10, 2004) (placement in segregation following allegedly false charge of misconduct by prison guard failed to state due process claim because restraint did not involve

protected liberty interest).  Because no liberty interest is implicated by Plaintiff's placement in administrative segregation, he fails to state a due process claim.

Section 1983 does not provide redress for a violation of a state law.  *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Moreover, Defendants' alleged failure to comply with the administrative rules does not itself rise to the level of a constitutional violation.  *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687 at *1 (6th Cir. April 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectable liberty interest). To the extent that Plaintiff's complaint presents allegations under state law or procedure, this Court declines to exercise jurisdiction.  The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these circumstances.  *See Landefeld v. Marion General Hosp.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *Hawley v. Burke*, No. 97-1853, 1998 WL 384557, at *1-2 (6th Cir. June 18, 1998).  This claim will be dismissed without prejudice.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $255

appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

   This is a dismissal as described by 28 U.S.C. § 1915(g).

   A Judgment consistent with this Opinion will be entered.


Dated:    June 24, 2005      /s/David W. McKeague
                 David W. McKeague
                 United States District Judge